1

2

3

4

5              UNITED STATES DISTRICT COURT

6              EASTERN DISTRICT OF WASHINGTON

7    JOHN J. KEIMIG,
                                          NO: 13-CV-0069-TOR
8                      Plaintiff,
                                          ORDER GRANTING DEFENDANT'S
9         v.                              MOTION FOR SUMMARY
                                          JUDGMENT
10   CAROLYN W. COLVIN, Acting
     Commissioner of Social Security
11   Administration,

12                     Defendant.

13

14        BEFORE THE COURT are the parties' cross-motions for summary

15   judgment (ECF Nos. 12 and 13).  Plaintiff is represented by Lora Lee Stover.

16   Defendant is represented by Christopher J. Brackett.  This matter was submitted

17   for consideration without oral argument.  The Court has reviewed the

18   administrative record and the parties' completed briefing and is fully informed.

19   For the reasons discussed below, the Court grants Defendant's motion and denies

20   Plaintiff's motion.


ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g); 1383(c)(3).

STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion."  *Id.* at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i);

1    416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

2    Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

3    404.1520(b); 416.920(b).

4         If the claimant is not engaged in substantial gainful activities, the analysis

5    proceeds to step two.  At this step, the Commissioner considers the severity of the

6    claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If the

7    claimant suffers from "any impairment or combination of impairments which

8    significantly limits [his or her] physical or mental ability to do basic work

9    activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c);

10   416.920(c).  If the claimant's impairment does not satisfy this severity threshold,

11   however, the Commissioner must find that the claimant is not disabled.  *Id.*

12        At step three, the Commissioner compares the claimant's impairment to

13   several impairments recognized by the Commissioner to be so severe as to

14   preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§

15   404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If the impairment is as severe or more

16   severe than one of the enumerated impairments, the Commissioner must find the

17   claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d); 416.920(d).

18        If the severity of the claimant's impairment does meet or exceed the severity

19   of the enumerated impairments, the Commissioner must pause to assess the

20   claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

1   defined generally as the claimant's ability to perform physical and mental work

2   activities on a sustained basis despite his or her limitations (20 C.F.R. §§

3   404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the

4   analysis.

5          At step four, the Commissioner considers whether, in view of the claimant's

6   RFC, the claimant is capable of performing work that he or she has performed in

7   the past ("past relevant work").  20 C.F.R. §§ 404.1520(a)(4)(iv);

8   416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the

9   Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

10  404.1520(f); 416.920(f).  If the claimant is incapable of performing such work, the

11  analysis proceeds to step five.

12         At step five, the Commissioner considers whether, in view of the claimant's

13  RFC, the claimant is capable of performing other work in the national economy.

14  20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v).  In making this determination,

15  the Commissioner must also consider vocational factors such as the claimant's age,

16  education and work experience.  *Id.*  If the claimant is capable of adjusting to other

17  work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

18  404.1520(g)(1); 416.920(g)(1).  If the claimant is not capable of adjusting to other

19  work, the analysis concludes with a finding that the claimant is disabled and is

20  therefore entitled to benefits.  *Id.*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c); 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff filed applications for disability insurance benefits and supplemental security income disability benefits on May 21, 2010, alleging a disability onset date of October 1, 2006. Tr. 158-63. These applications were denied initially and upon reconsideration, and Plaintiff requested a hearing. Tr. 83-84, 85-92, 115-16. A hearing was held before an Administrative Law Judge on September 7, 2011. Tr. 45-80. The ALJ rendered a decision denying Plaintiff benefits on November 1, 2011. Tr. 32-40.

The ALJ found that Plaintiff met the insured status requirements of Title II of the Social Security Act through September 30, 2013. Tr. 34. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 1, 2006, the amended alleged onset date. Tr. 34. At step two, the ALJ found that Plaintiff had severe impairments consisting of (1) lumbar degenerative disc disease; (2) obesity; (3) diabetes mellitus type II; (4) hypertension; and (5)

chronic obstructive pulmonary disease.  Tr. 34.  At step three, the ALJ found that

Plaintiff's severe impairments did not meet or medically equal a listed impairment.

Tr. 35.  The ALJ then determined that Plaintiff had the residual functional capacity

to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and
> 416.967(b) except he cannot climb ladders, ropes or scaffolds and is
> limited to occasional climbing of ramps and stairs.  He can
> occasionally balance, stoop, crouch, kneel and crawl.  He should
> avoid concentrated exposure to extreme cold, wetness or humidity,
> excessive vibration, poorly ventilated areas, irritants such as fumes,
> odors, dust, chemicals and gases, unprotected heights, and use of
> moving machinery.

Tr. 35-38.  At step four, the ALJ found that Plaintiff was unable to perform past

relevant work.  Tr. 38.  At step five, the ALJ found that Plaintiff could perform the

representative occupations of cafeteria attendant, production assembler and

marker/pricer, and that such occupations existed in significant numbers in the

national economy.  Tr. 38-39.  In light of this step five finding, the ALJ concluded

that Plaintiff was not disabled under the Social Security Act and denied his claims

on that basis.  Tr. 39-40.

The Appeals Council denied Plaintiff's request for review on December 20,

2012, making the ALJ's decision the Commissioner's final decision for purposes

of judicial review.  Tr. 1-6; 20 C.F.R. §§ 404.981, 416.1484, and 422.210.

ISSUES

Plaintiff raises four issues for review:

1. Whether the ALJ erred in rejecting the opinions of examining physician Dr. William Shanks;

2. Whether the ALJ erred in failing to incorporate a sit/stand option into Plaintiff's residual functional capacity;

3. Whether the ALJ erred in assessing Plaintiff's credibility; and

4. Whether the ALJ erred at step five.

ECF No. 12 at 8-15.

DISCUSSION

**A. Opinions of Dr. William Shanks**

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, a the opinion of a treating physician carries more weight than the opinion of an examining physician, and the opinion of an examining physician carries more weight than the opinion of a reviewing physician. *Id.* In addition, the Commissioner's regulations give more weight to opinions that are explained than

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

1    to opinions that are not, and to the opinions of specialists on matters relating to

2    their area of expertise over the opinions of non-specialists.  *Id.* (citations omitted).

3         If a treating or examining physician's opinion is uncontradicted, an ALJ may

4    reject it only by offering "clear and convincing reasons that are supported by

5    substantial evidence."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

6    "If a treating or examining doctor's opinion is contradicted by another doctor's

7    opinion, an ALJ may only reject it by providing specific and legitimate reasons

8    that are supported by substantial evidence."  *Id.* (citing *Lester v. Chater*, 81 F.3d

9    821, 830-831 (9th Cir. 1995)).  Regardless of the source, an ALJ need not accept a

10   physician's opinion that is "brief, conclusory and inadequately supported by

11   clinical findings."  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th

12   Cir. 2009) (quotation and citation omitted).

13        Plaintiff contends that the ALJ erred in rejecting the opinions of examining

14   physician Dr. William Shanks that Plaintiff's activity level was "very limited" and

15   that he did not appear to be capable of "any employment at this time."  ECF No. 12

16   at 12.  Because these opinions were contradicted, *see* Tr. 238-45, the ALJ need

17   only have given specific and legitimate reasons supported by substantial evidence

18   to reject them.  *Bayliss*, 427 F.3d at 1216.

19        The ALJ provided the following specific and legitimate reasons for rejecting

20   Dr. Shanks's opinions:

> W.M. Shanks, M.D., opined the claimant was not capable of employment in view of the lumbar spine condition and radicular pain into the right lower extremity. The opinion of Dr. Shanks is given little weight. He provides no specific functional limitations. Further, subsequent records reflect improvement with treatment. The claimant reported improvement after epidural injections. He stated he has been able to do yard work and activities of daily living. He reported his back pain was significantly better and his radicular flank pain was 99 percent gone. He had been able to be more active, ambulate more, and work in his garden.

Tr. 37. The ALJ further noted that Dr. Peter Weir, another examining physician who had examined Plaintiff five months earlier, identified specific functional limitations and opined that they would not preclude Plaintiff from working with certain restrictions. Tr. 37. The Court concludes that the ALJ's decision to credit Dr. Weir's opinions over those of Dr. Shanks is supported by substantial evidence.

**B. Residual Functional Capacity Assessment**

Plaintiff argues that the ALJ erred by failing to incorporate a sit/stand option into the RFC in light of Dr. Weir's opinion that Plaintiff "would require breaks every two hours if sitting, as well as breaks every two hours if standing and/or walking." ECF No. 12 at 12. This argument is unavailing. First, Dr. Weir did not opine that Plaintiff required a sit/stand option. Instead, he merely opined that Plaintiff could sit or stand for up to six hours per eight-hour work day, provided that he was given a break every two hours. Tr. 245. There is nothing in Dr. Weir's opinion which indicates that Plaintiff would require the option to perform his work

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

sitting or standing at his discretion.  Second, as Defendant correctly notes, a break every two hours is a standard working condition.  As such, a reprieve from sitting or standing every two hours need not have been incorporated into the RFC.  *See* SSR 83-12 at 4 (explaining that "[p]ersons who can adjust to any need to vary sitting and standing by doing so at breaks, lunch periods, etc., would still be able to perform a defined range of work").  The ALJ did not err in crafting the RFC.

### C. Adverse Credibility Determination

In social security proceedings, a claimant must prove the existence of physical or mental impairment with "medical evidence consisting of signs, symptoms, and laboratory findings."  20 C.F.R. §§ 416.908; 416.927.  A claimant's statements about his or her symptoms alone will not suffice.  20 C.F.R. §§ 416.908; 416.927.  Once an impairment has been proven to exist, the claimant need not offer further medical evidence to substantiate the alleged severity of his or her symptoms.  *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc).  As long as the impairment "could reasonably be expected to produce [the] symptoms," the claimant may offer a subjective evaluation as to the severity of the impairment.  *Id.*  This rule recognizes that the severity of a claimant's symptoms "cannot be objectively verified or measured."  *Id.* at 347 (quotation and citation omitted).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

If an ALJ finds the claimant's subjective assessment unreliable, "the ALJ must make a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F .3 d 947, 958 (9th Cir. 2002).  In making this determination, the ALJ may consider, *inter alia*: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition.  *Id.*  If there is no evidence of malingering, the ALJ's reasons for discrediting the claimant's testimony must be "specific, clear and convincing." *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (quotation and citation omitted).  The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

Plaintiff suggests that the ALJ's adverse credibility determination "is not based on any convincing evidence."  ECF No. 12 at 13.  Because Plaintiff's argument has not been raised with any degree of particularity, the Court deems the argument waived.  *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to reach issue where appellant "failed to argue

1    [the] issue with any specificity in his briefing"); *Rogal v. Astrue*, 2012 WL

2    7141260 at *3 (W.D. Wash. 2012) (unpublished) ("It is not enough merely to

3    present an argument in the skimpiest way, and leave the Court to do counsel's

4    work—framing the argument and putting flesh on its bones through a discussion of

5    the applicable law and facts.") (citations omitted).  Moreover, even if the argument

6    had not been waived, the ALJ gave clear and convincing reasons supported by

7    substantial evidence for discrediting Plaintiff's testimony.  *See* Tr. 36 (noting that

8    Plaintiff had engaged in strenuous work activities such as logging, snow shoveling

9    and light mechanical work after his alleged disability onset date and that Plaintiff's

10   testimony that physical therapy worsened his symptoms was belied by his physical

11   therapy progress notes).

12   **D. Step Five Challenge**

13        Plaintiff argues that the ALJ erred in finding that he was capable of

14   performing other work at step five of the sequential evaluation process.  ECF No.

15   12 at 14.  While Plaintiff has styled his argument as a challenge to the adequacy of

16   the hypothetical question posed to the vocational expert, his analysis focuses on the

17   same issues addressed above.  ECF No. 12 at 14 ("The hypothetical question did

18   not fully represent Plaintiff's physical impairments, nor his pain complaints.").

19   Because Plaintiff has not identified any additional deficiencies in the hypothetical

20

posed to the vocational expert, the Court will not address this argument further.

Defendant is entitled to summary judgment.

**IT IS HEREBY ORDERED:**

    1.  Defendant's Motion for Summary Judgment (ECF No. 13) is

        **GRANTED**.

    2.  Plaintiff's Motion for Summary Judgment (ECF No. 12) is **DENIED**.

    The District Court Executive is hereby directed to file this Order, enter

Judgment for Defendant, provide copies to counsel, and **CLOSE** the file.

    **DATED** March 12, 2014.

THOMAS O. RICE
United States District Judge